JUDE G. GRAVOIS, Judge.
I «Defendant, Tracy Kent, appeals his convictions and sentences for possession with intent to distribute marijuana and possession, of a firearm by a convicted felon. For the reasons that follow, we affirm defendant’s convictions. and sentences, grant appellate counsel’s motion to withdraw as counsel of record,for defendant, and remand the matter for correction of the commitment as noted herein.

PROCEDURAL HISTORY

On August 29, 2018, the Jefferson Parish District Attorney fíled a bill of information charging defendant, Tracy Kent, with possession with intent to distribute marijuana in violation’ Of La. R.S. 40:966(A) (count one), and possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count two). Defendant was arraigned the next day and pled not guilty, On February 12, 2014, the State amended the bill of. information to provide that defendant’s previous convictions on count two were for armed robbery and possession of a firearm by a- convicted felon, in addition to the possession of marijuana conviction previously |.¡alleged. Defendant was re-arraigned on the amended bill and pled not guilty.. On February 19, 2014, the State fled an amended bill of information to add additional prior felony convictions on count two. .
Defendant .fled several pre-trial motions, including motions- to suppress evidence and statement, which were denied, and a motion in limine, which was denied in part and granted in part. Defendant also fled a Motion to Dismiss Counsel, which was denied.
On March 18, 2014, a jury was selected and sworn, after which defendant withdrew his not guilty pleas and pled guilty as charged. The trial judge then sentenced defendant to imprisonment at hard labor for eighteen years on count one, and imprisonment at hard labor for eighteen years without the benefit of parole, probation, or suspension of sentence on count two, with those sentences to run concurrently with each Other. The trial judge recommended that the sentences in the instant case run concurrently with the sentence in case number 815-236 from the 174th District Court of Harris County, Texas, and any other sentences defendant may have been serving at that time.
On that same date,' the State fled a habitual offender bill of information alleging defendant to.be a second felony offender, to which defendant stipulated. The trial judge vacated defendant’s sentence on count one and resentenced defendant under the habitual Offender statute to imprisonment at hard labor for eighteen years without the benefit of probation or suspension of sentence. . The trial judge recommended that the enhanced sentence ran *224 concurrently with the sentence imposed on count two, the sentence in case number 815-236 from the 174th District Court of Harris County, Texas, and with any other sentences defendant may have been serving at that time.
|4On November 5,2014, defendant filed a “Motion to Correct an Illegal Sentence and or Enforce Plea Agreement,” which was denied. Defendant later filed a writ application in this Court, which was denied. State v. Kent, 14-KH-894 (La.App. 5 Cir. 12/16/14) (unpublished writ disposition). On January 16, 2015, defendant filed a pro se “Motion to Vacate Illegal Habitual Offender Sentence,” whieh.was also denied. On February 18, 2015, defendant filed a “Notice of Out-of-Time Appeal,” which was granted on March 4,2015.[1]

FACTS

Because defendant pled,guilty, the underlying facts were not fully developed at a trial. However, the State alleged in the February 19, 2014 bill of information that on or about July 29, 2013, defendant violated La. R.S. 40:966(A) in that he did knowingly or intentionally possess with intent to distribute a controlled dangerous substance, to-wit: marijuana (count one). The State, also alleged in that same bill of information that on July 29, 2013, defendant violated La. R.S. 14:95.1 in that he did have in his possession a firearm, to-wit: a Smith and Wesson .38 caliber handgun, having been previously convicted of the crimes of: armed robbery in violation of La. R.S. 14:64 under case number 93-351 in the 22nd Judicial District Court of Louisiana on March 11, 1982; felon in possession of a firearm in violation of La. R.S, 14:95.1 under case number 93-0302 in the 24th Judicial District Court of Louisiana on January 25, 1994; possession of cocaine in violation of La. R.S. 40:967(C) under case number 95-5794 in the 24th Judicial District Court of Louisiana on October 21, 1996; possession of marijuana, second of-fensé,- in violation of La. R.S. 40:966(C) under case number 99-5246 in the 24th Judicial District Court of Louisiana on January 19, 2000; and possession of marijuana, five |;;to fifty pounds, under case number 815-236 in the 174th District Court of Harris County, Texas on April 30, 2001 (count two).

ANDERS BRIEF

Under the procedure adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), appointed appellate counsel requests permission to withdraw as counsel of record for defendant.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[3] The request must be *225 accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed .counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making .the critical determination whether the appeal is indeed so frivolous that counsel should be, permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
|fiIn State v. Jyles, supra at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The court explained that an An-ders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review, of the record to determine whether the appeal is wholly frivolous. Br+adford, supra at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw, and affirm the defendant’s conviction and sentence, However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court,'or grant the motion and appoint substitute appellate counsel. Id.
' Defendant’s appellate counsel asserts that after a detailed review of the record, she could fin'd no non-frivolous issues to raise on appeal. Appellate counsel states that there is no ruling of the trial court to bé challénged. She further states that this whs not a plea under State v. Crosby, 338 So.2d 584 (La.1976), and therefore, there were no “pre-trial motion hearings subject to this appeal.” Appellate counsel notes that she considered whether to raise the issue of coercion- of the plea, but was compelled- to conclude that such a claim would be frivolous based on the appellate record presented. She further notes that she also considered' a claim of excessiveness of sentence, but felt that such a claim would be frivolous |7as well. Appellate counsel asserts that the trial judge reviewed defendant’s plea and went through a proper colloquy with him and informed him of his underlying sentence. She concludes that an eighteen-year sentence would not be regarded.as unconstitutionally excessive or made under false representation “as the appellate record now stands.” As such, appellate counsel requests that this Court grant her motion to withdraw as counsel of record for defendant.
The State responds that the brief filed by appellate counsel shows a diligent, complete, and thorough.description of the procedural history and facts of the case with references to the record, The State agrees with appellate counsel that the record does not contain any non-frivolous issues for appeal. The State further responds that appellate counsel has complied with the procedures set forth in Anders, supra, and Jyles, supra, and should be allowed to withdraw.
-The State notes that although the trial judge failed to inform defendant of the minimum sentence for .the charges on *226 counts one and two, that error was not subject to an error patent review based on State v. Guzman, 99-1753, 99-1528 (La.5/1.6/00), 769 So.2d 1158. However, the State contends that even if appellate counsel had raised this issue in an assignment of error, any error would have been harmless. The State afeo notes that de-, fendant’s sentence was illegally lenient because the trial judge did not order him to pay a fíne of between $1,000.00 and $5,000.00 as required by La. R.S. 14:95.1(B). However, the. State asserts that this Court has repeatedly declined to correct these types of errors in cases of indigent defendants, particularly when .the senten.ce was agreed upon as part of a plea bargain. In conclusion, the State prays that this Court affirm defendant’s convictions and sentences.
Appellate counsel has filed a motion to withdraw as attorney of record which states that she has prepared an appellate brief in compliance with Anders, \nsupra, and that she has notified defendant of his right to file a pro se brief in this ¿ppeal. Additionally, this Court sent defendant a letter by certified mail informing him' that an Anders brief had been filed and that he had until July 15, 2015, to file a pro se supplemental brief. Defendant filed a pro se supplemental brief on July 17, 2015.
Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the offenses charged. It also sufficiently identified defendant and the crimes charged. See La. C.Cr.P. arts. 464-66. Further, the minute entries reflect that defendant and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, guilty pleas, and sentencing. As. such, there are no appealable issues surrounding defendant’s presence.
Further, defendant pled guilty in this case. Generally, when a defendant pleads guilty, he normally waives all non-jurisdictional' defects in the proceedings leading up to the guilty plea, arid precludes review of such defects either by appeal or post-conviction relief. State v. Turner, 09-1079 (La.App. 5 Cir. 7/27/10), 47 So.3d 456, 459. Here, defendant entered unqualified guilty pleas, and therefore all lion-jurisdictional. defects are waived. No rulings were preserved for appeal under the holding in State v. Crosby, supra.
 Also, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the[¿¡Boykin[4] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id.
A review of the record reveals no constitutional ' infirmity in ' defendant’s guilty pleas to the underlying charges. The record shows that defendant was aware of what he was charged with and was pleading guilty to the crimes of possession with intent to distribute marijuana and possession of a firearm by a convicted felon. On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a trial by jury or by judge, his right to confront his accusers, his right to call witnesses on his’ behalf, his right against self-incrimination, *227 and the right to testify if he so chooses. Defendant signed the waiver -of rights form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood those rights.
During his guilty plea colloquy and in his waiver of rights form, defendant' indicated that he had not been forced, coerced, or threatened into entering his guilty pleas. Defendant was informed during the colloquy, and in the waiver of rights form, of the maximum sentences and of the actual sentences that would be imposed if his guilty pleas were accepted.[5] After the colloquy with defendant, the trial court accepted defendant’s pleas as knowingly, intelligently, freely, and voluntarily made.
A review of the record also reveals no constitutional infirmity in defendant’s stipulation to the habitual offender bill. During the colloquy, defense counsel stated that she had gone over the allegations of the habitual offender bill with liodefendant and that defendant was going to waive a hearing and stipulate to being a second felony offender. The trial judge read from the “Waiver of Rights Plea of Guilty as a Multiple Offender — LA R.S. 14:529.1” into the record, after which defendant identified his signature on that form, which was dated the same date as defendant’s stipulation. The form indicated that defendant was stipulating to the charge outlined in the habitual offender bill that was attached to the form. It further indicated the rights he was waiving. The form provided the minimum and maximum enhanced sentence defendant could receive and the actual enhanced sentence he would receive. It reflected that defendant had not been forced, threatened, or, coerced into stipulating to the habitual offender bill. Afterwards,, the trial judge accepted defendant’s stipulation to the habitual bill as knowingly, intelligently, freely, and voluntarily made by defendant. We find that this constituted an adequate advisal of defendant’s habitual offender rights.[6] Further, a stipulation to á habitual offender bill bars a defendant from asserting on appeal that the State failed to produce sufficient proof at the habitual offender bill hearing. State v. Schaefer, 97-465 (La.App. 5 Cir. 11/25/97), 704 So.2d 300, 304.
With regard to defendant’s sentences, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Here, defendant’s sentences were imposed in accordance with the terms of the plea agreement set forth in the record at the time of the pleas. Nevertheless, it is noted that defendant’s sentences fall within the sentencing ranges set forth in the statutes. See La. R.S. 40:966(A); La. R.S. 14:95.1; La. R.S. 15:529.1. Moreover, Indefendant’s plea agreement was beneficial to him in that he received an eighteen-year sentence on count one (although it was later vacated) when he could have received a thirty-year sentence, an eighteen-year sentence on count two when he could have received a twenty-year sentence, and an eighteen-year enhanced sen *228 tence as a second felony offender when he could have received a sixty-year sentence. Defendant’s plea agreement was also beneficial in that the sentences were recommended to run concurrently with each other and with any other sentence he may have been serving at the time, and the State agreed to only habitual bill defendant as a second felony offender.
Based on the foregoing, the proceedings surrounding defendant’s guilty pleas and sentencing do not present any non-frivolous issues to be raised on appeal. Appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion.

PRO SE ASSIGNMENT OF ERROR NUMBER ONE

In his first pro se assignment of error, defendant argues that his conviction was “obtained in violation of the constitution of the United State [sic] and of the State of Louisiana. U.S. Counstitution [sic], Amendment 6,14, Louisiana Declaration of Rights Article, 2.” Specifically, he argues that his guilty plea was not free and voluntary because he was not advised of his right to confront and cross-examine his accusers, and he was not advised of the minimum sentence, both of which were required by La. C.Cr.P. art. 556.1. Defendant also argues in his brief that at the suppression hearing, the trial judge erroneously allowed State witness, Detective William Whittington, to testify regarding a ticket he did not write and a “stop and search” that he did not initiate.
112La. C.Cr.P. art. 556.1(A)(3) provides in pertinent part that in a felony case, the court shall not accept a plea of guilty without first addressing the defendant personally in open court and informing him of, and determining that he understands, that he has the right to confront and cross-examine witnesses against him.
In State v. Mendenhall, 06-1407 (La.12/08/06), 944 So.2d 560 (per curiam), the Louisiana Supreme Court found that the trial judge’s statement informing the defendant that the State would have to prove it's case beyond a reasonable doubt and that his attorney would have the opportunity to cross-examine the State’s witnesses at a'trial was sufficiently tailored to inform the 29-year-old defendant, who was educated through the twelfth grade and employed as a plant assistant manager, that he was waiving his right to confrontation. The Supreme Court reaffirmed that neither Boykin v. Alabama, supra, nor the Court’s implementation of Boykin in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), set out a “magic word formula” which may “serve as a technical trap for conscientious trial judges who conduct a thorough inquiry into the validity of the plea_” Menden-hall, supra, at 560.
In the instant case, the transcript reflects that the trial judge advised defendant that he had the right to force the district attorney to call witnesses who under oath would have to testify against him at trial and to have his attorney ask questions of each of these witnesses. The transcript further reflects that at the time of the plea, defendant was fifty-two years old, could read, write, and understand the English language, and had a G.E.D. In light of Mendenhall, supra, we find that the language utilized by the trial judge was sufficiently tailored to inform defendant that he was waiving his right to confrontation. Further, we find that the circumstances in the record reflect a knowing and voluntary waiver of defendant’s frights ahd compliance with the constitutional requirements for the taking of voluntary *229 guilty pleas in Louisiana. See Menden-hall, supra.
Defendant also argues that he was not advised of the minimum sentence as required by La. C.Cr.P. art. 556.1. La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the . charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. “Any variance from the procedures required by this Article which does-not affect substantial rights of the accused shall hot invalidate the plea.” La. C.Cr.P, art. 556.1(E). Violations of La. C.Cr.P. art. 556.1 that- do not rise to the level of Boykin violations are subject to harmless error analysis. State v. Craig, 10-854 (La.App. 5 Cir. 5/24/11), 66 So.3d 60, 64, In the instant case, it appears that any violation of Article 556.1. did. not cause prejudice since defendant knew the sentences he wo.uld receive, and he received those sentences. The advisement of the agreed-upon sentences was sufficient for compliance with La. C.Cr.P. art. 556.1. Id.
Lastly, defendant argues that at the suppression hearing, the trial judge ex’roneously allowed State witness, Detective William Whittington, to testify regarding a ticket he did not.write.and a “stop and search” that he did not initiate. This issue has not been preserved for appeal because defendant did not reserve .his right under Crosby,- supra, to appeal the ruling of the trial judge denying the motion to suppress when-he pled guilty. .
This assignment of error is without merit.

PRO SE ASSIGNMENTS OF ERROR NUMBERS TWO AND FIVE

In his second pro se assignment of error, defendant argues that the “state created the offense for which he was convicted and sentence [sic] is unconstitutional.” Specifically, he argues that an invalid prior conviction was luutilized in the habitual offender bill. He contends that the State made the trial judge believe that on October 21,1996, he pled guilty to a violation of La. R.S. 40:967(A) in case number 95-5794, when he actually pled guilty to a violation of La. R.S. 40:967(C). Defendant further contends that the habitual offender bill does not charge’ him with case number 815-236 from the 174th District Court of Harris County, Texas, as a prior offense. In his fifth pro se assignment of error, defendant claims that the State never gave him a correct copy of the habitual offender bill of information. Defendant further notes in his pro se assignment of error number two that, there was no prior certified conviction in the records that could legally be used to enhance his sentence. He asserts that he was illegally sentenced as a habitual offender because the requirements of Boykin v. Alabama, supra, were not followed at the time of his prior guilty pleas and convictions.
A review of the habitual offender bill of information shows that defendant was alleged to be a second felony offender with one predicate conviction. The State alleged in the second paragraph of that habitual offender bill that defendant was charged in case number 95-5794 in Division “S” of the 24th Judicial District Court with violating La. R.S. 40:967(A), distribution of a Schedule II controlled dangerous substance, to-wit: cocaine, and that after-wards defendant pled guilty on October 21, 1996 to a violation of Lá. R.S. 40:967(A), possession of a Schedule II controlled dangerous substance, to-wit: cocaine, and was sentenced by the court on October 21,1996 to two years' at hard labor in the custody of the Director of the Department of Corrections. The third paragraph of that habitual bill reflects that defendant pled *230 guilty to a violation of La. R.S. 40:967(A), possession of a Schedule II controlled dangerous substance, to-wit: cocaine.
The purpose óf a bill of information is to inform a defendant of, the nature and cause of the accusation against him as required by the Louisiana Constitution, 11BArticle I, § 13. A clerical, error in the bill does not require a dismissal of the bill or reversal of a conviction .if the error or omission does not mislead the defendant to .his prejudice. La. C.Cr.P. art.. 464; State v. Varnado, 01-367 (La.App. 5 Cir. 9/13/01), 798 So.2d 191, 194.
In the instant case, it appears that there are two typographical errors in the habitual offender bill. Although it appears that defendant pled guilty on October 2T, 1996, to possession of cocaine in violation of La. R.S. 40;967(C), the habitual offender bill reflects an incorrect statutory citation of La. R.S. 40:967(A) in two places. ‘Nevertheless,’ it does not appear thát the clerical errors misled defendant to his prejudice, as the habitual offender bill correctly provided that defendant pled guilty to possession of cocaine.
Additionally, defendant stipulated to the habitual offender bill. Generally, when a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading, up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. Turner, supra, Because defendant entered into unqualified guilty pleas, we find that this non-jurisdictional defect, was, waived.
. Defendant further contends that the habitual offender bill does not charge him with case number 815-236 from the 174th District Court of Harris County, Texas, as a prior offense. The habitual offender-bill shows that defendant was alleged to be a second felony, offender based-on the prior conviction of possession of cocaine, not on his prior Texas conviction. Thus, there is no error in this regard.
Defendant also asserts that he was illegally sentenced as a habitual offender because the requirements of Boykin v. Alabama, supra, were not followed at the time of his prior guilty pleas and convictions. Defendant notes that there was no |, ¿prior certified conviction in the records that could legally be used to enhance his sentence.
■ As stated, previously, defendant, stipulated to the habitual offender bill. A stipulation to a habitual offender bill bars a defendant from asserting on appeal that the State failed to produce sufficient proof at the habitual bill hearing. ■ See Schaefer, supra. Therefore, we find that defendant is precluded from raising this issue on appeal. Additionally, there is nothing in the record to support defendant’s allegation.
These assignments of error are without merit. •

PRO SE ASSIGNMENT OF ERROR NUMBER THREE

Defendant, in his third pro se assignment of error, argues that his conviction and sentence Constitute “ex post facto application of law in violatión of the Constitution of the United States Amendment 6,14 Louisiana Declaration of Right Article 1, Sections 2, 3,12,13,15.”
Defendant failed to brief this assignment of error. Because any assignment of error that is not briefed is considered abandoned on appeal, we deem this assignment abándoned. See State v. Allen, 06-778 (La.App. 5 Cir. 4/24/07), 955 So.2d 742, 757-58, writ denied, 08-2432 (La.1/30/09), 999 So.2d 754.

*231
PRO SE ASSIGNMENT OF ERROR NUMBER FOUR

Defendant states that his fourth pro se assignment of error is “Representations coercion; Plea Bargaining, criminal law 273.1(2) 110 K 273 Voluntary Character [sic].” Here, defendant argues that the trial judge ''impermissibly participated in his plea bargain negotiations by refusing to dismiss his trial' counsel. He further argues that his trial counsel told him how1 the trial judge would rule. Defendant contends that the trial judge told him that if convicted, he would have to sentence defendant to a 100-year sentence. • He asserts |17that this discussion created the impression that he would not receive a fair trial were he to go to trial with this attorney and this judge. Defendant also claims in his brief that the State breached the plea agreement, in that the sentences are not being run concurrently. '
Defendant first argues that the trial judge erred by denying his motion to dismiss his trial counsel. Upon review; we find that defendant- did not preserve for appeal under Crósby, supra, the trial judge’s ruling denying his motion' to dismiss his trial counsel when he pled guilty.
Defendant also argues that the trial judge impermissibly participated in plea negotiations. In State v. Bouie, 00-2934 (La.5/14/02), 817 So.2d 48, the Louisiana Supreme Court discussed the effect of a trial judge’s participation, in the proceedings on the free and voluntary nature of a defendant’s plea. In that case, the Court declined to adopt a rule absolutely prohibiting Louisiana trial judges from participating in plea negotiations, such'as that provided in Rule 11(e)(1) of the Federal Rules of Criminal Procedure, but cautioned that a judge doing so “should take extreme care to avoid the dangers described in the ABA commentary,” which it quoted as follows:
(1) judicial participation in the discussions can create the impression in the mind of the defendant that he would not receive a fair trial were he to go to trial before this judge;
(2) judicial participation -in the discussions makes it difficult for the judge objectively to determine the volun- . tariness of the plea when it is offered;
(3) judicial participation,to the extent of promising a certain sentence is inconsistent with the theory behind . the use of the presentence investiga- . tion report; and
(4) the risk of not going along with the disposition apparently desired by the judge may-seem so great to the defendant that he will be induced to plead guilty even if innocent.
ABA Standards, Pleas of Guilty § 3.3(a), Commentary 73 (Approved Draft 1968).
Jj/d. at,54.[7] .
Upon review,; we find that the record does not contain any evidence that, the trial judge entered the plea negotiations in the instant-case. . > .
Defendant also claims that the State breached the plea agreement, in- that the sentences are not being run concurrently. The record reflects that the ■ trial judge ordered the original sentence on count two and the enhanced sentence on count one to run concurrently with one another. He also recommended that those sentences run concurrently with any other sentences defendant may have been serving and with the parole violation on the Texas convictions It is unclear as to which, sentence or sentences defendant believes are not being run concurrently. Nevertheless, it is noted that La.- R.S. 15:571.15 provides that *232 the venue iri actions contesting good time dates, computation of sentences, or parole shall be in the parish of East Baton Rouge.
This assignment of error is without merit.

PRO SE ASSIGNMENT OF ERROR NUMBER SIX

In his final pro se assignment of error, defendant contends that his trial counsel was ineffective because she failed to file pre-trial motions, failed to obtain a copy of the bill of information legally charging him with being a habitual offender, failed to make objections at the suppression hearing and the March 18, 2015 hearing, failed to appeal the sentence, failed to advise him of his right to appeal, refused to subpoena witnesses at his request, intimidated and discouraged witnesses, and worked against him as a second “D.A,”
The Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution safeguard a defendant’s right to effective assistance |1aof trial counsel. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court held that a defendant as--serting an . ineffective assistance claim must show that defense counsel’s performance was deficient and that the deficiency prejudiced the defendant. . Td establish ineffective assistance of counsel, the defendant has the burden of showing that “there is a reasonable probability that, but for counsel’s unprofessional errors, the results of the proceeding would .have been different.- A reasonable probability is a. probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S,. at 694, 104 S.Ct. at 2068. It is unnecessary to address the issues of both counsel’s performance and prejudice to the defendant if the defendant makes an inadequate showing on either one of the components. State in the Interest of C.M., 13-128 (La.App. 5 Cir. 10/30/13), 128 So.3d 1118, 1131, writ denied, 13-2796 (La.5/30/14), 140 So.3d 1172.
Generally, an ineffective assistance of counsel claim is most appropriately addressed through .an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted, if necessary, rather than by direct appeal. State v. Taylor, 04-346 (La.App. 5 Cir. 10/26/04), 887 So.2d 589, 595. When the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. Id, Where the. record does'not. contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings, Id.
In the instant case, we find that based on the limited record on appeal regarding this issue, this claim would be more appropriately raised in an application for post-conviction relief in the trial court.
| gnDefendant also contends that his appellate counsel was ineffective for failing to raise any issues on appeal. We find that this claim is moot, as defendant-had the opportunity and in fact rais'ed errors himself in'his pro se supplemental brief. State v. Roberson, 94-1570 (La.App. 3 Cir. 11/02/95), 664 So.2d 687, 692.
Further, defendant’s pro se, assignments of error have been reviewed and found to be without merit. “In the appellate context, the [Strickland] prejudice prong first requires a showing that we would have afforded relief on appeal.” Roberson, supra (citing United States v. Phillips, 210 F.3d 345, 350 (5th Cir.2000)). Thus, we find that even if the issue was *233 not moot, because there do not appear to be any non-frivolous errors that would afford relief on appeal, defendant cannot establish prejudice. See Roberson, supra. In light of the foregoing, we find that defendant’s appellate counsel was not ineffective in filing an Anders brief.
Except as noted above, this assignment of error is without merit.

ERRORS PATENT REVIEW

The record was reviewed, for errors patent, according to La. C.Cr.P. art, 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals several errors patent.-

Patent Error Number One

The trial- judge failed to order defendant to pay the mandatory fine of $1,000.00 to $5,000.00 pursuant to La. R.S. 14:95.1 in connection with, count two.[8] Under La. C.Cr.P. art. 882, this Court has the authority to correct an illegal sentence despite the failure of either party to raise the issue. This authority is |⅞1 permissive rather than mandatory. State v. Quinones, 03-907 (La.App. 5 Cir. 12/30/03), 864 So.2d 824, 830.
In the instant cáse, it appears that defendant is indigent since he is represented by the Louisiana Appellate Project. Since defendant appears to be indigent and his sentence resulted from a guilty plea, we refrain from exercising our authority to correct the illegally lenient sentence. See State v. McGee, 09-102 (La.App. 5 Cir. 9/29/09), 24 So.3d 235, 242.

Patent Error Number Two

The transcript shows that the trial judge recommended that the sentences in the instant case were to run concurrently with the sentence on defendant’s Texas conviction; however,- the commitment shows that the trial judge ordered that those sentences would run concurrently. The transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).
The transcript reflects that the trial judge said to defendant at sentencing on the underlying convictions that it was the court’s intention that the sentences on counts one and two were to run concurrently with “any time that you may be owing the State of Texas for a parole violation in case number 815-236, and that’s 174th District Court, Harris County.” The trial judge also stated, “As I told you, I can’t guarantee that they will honor my request, but I’m putting it in the minute entry that it is my intention that this sentence run concurrent with.any and all other sentences that you may be serving, as well as any parole violations that you may owe Texas.” The transcript also reflects that the trial judge said to defendant at sentencing on the enhanced sentence that hq was “going to recommend that it run concurrent with any and all other sentences, including the sentence out of case number 815-236 of the 174th District Court in Harris County, Texas.” However, the commitment reflects that the sentences were to run concurrently “with case Lonumber 815-236 out of the 174th District *234 Court of Harris Count, Texas” and with “any and all other sentences that the Defendant may be serving.” The Uniform Commitment Order provides that “the court ordered that the above sentence is to run concurrently with any and all other sentences that the Defendant may be serving.” 1
While there is no prohibition against a trial court ordering a sentence to run concurrently with a parole revocation, La. C.Cr.P. art. 901(C)(2) states that only the judge who revokes probation can order the sentence on a probation revocation to run either concurrently or consecutively with the sentence on the later conviction. See State v. Bruce, 03-918 (La.App. 5 Cir. 12/30/03), 864 So.2d 854, 859. Because the trial judge recommended that the sentences in the instant case run concurrently with the parole violation in Texas, we find that no error occurred.
However, because there is an inconsis-' tency between the commitment and the transcript, we remand the matter and instruct the trial judge to correct the commitment to conform to’ the transcript. We farther direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected, commitment to the officer in charge of the institution to which defendant has been sentenced and the Department of Corrections’ Legal Department. State v. Long, 12-184 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142 (citing La. C.Cr.P. art. 892(B)(2)).

Patent Error Number Three

We note that the State bears the burden of proving that the predicate convictions fall within the “cleansing period” prescribed by La. R.S. 15:629.1(C). State v. Hollins, 99-278 (La.App. 5 Cir. 8/31/99), 742 So.2d 671, 685, writ denied, 99-2853 (La.1/5/01), 778 So.2d 587. In the instant case,- the applicable period is Laten years.[9] Defendant, however, stipulated to the habitual bill. An unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the habitual offender hearing. See State v. Spellman 13-908 (La.App. 5 Cir. 4/09/14), 140 So.3d 751, 753-54, writ denied, 14-1815 (La.2/6/15), 158 So.3d 815; Sehaefer, supra. By stipulating to the habitual bill, defendant waived his right to a hearing and any possible non-jurisdictional defects. Id. Accordingly, defendant has waived any potential challenge that the State failed to prove the applicable cleansing period. As such, no corrective action is required on this issue.

CONCLUSION

For the foregoing reasons, defendant’s convictions and sentences are affirmed. Appellate counsel’s motion to withdraw as counsel of record for defendant is granted. The matter is remanded for correction of the commitment, as noted above.
AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED FOR CORRECTION OF COMMITMENT

. On April 9, 2015, defendant filed'a Uniform-Application for Post-Conviction Relief seeking an out-of-time appeal, which was dismissed on April 14, 2015, since defendant had previously beén granted an out-of-time appeal.

. In Bradford, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (percuriam).

.The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct 1709, 23 L.Ed.2d 274 (1969).

. The trial judge did not inform defendant of the minimum sentences on either count. See Pro Se Assignment of Error Number One.

. In State v. Oliver, 14-428 (La.App. 5 Cir. 11/25/14), 165 So.3d 970, this Court found that there was an adequate advisal provided via the written waiver of rights form dated the same date as the defendant's stipulation and offered into the record prior to the pertinent colloquy.

. Sea also State v. Hoppens, 13-948 (La.App. 5 Cir. 04/23/14), 140 So.3d 293, 303-04.

. It is noted that there was also a mandatory fine in connection with count one; however, because that sentence was vacated, any error regarding that sentence is moot. See State v. Hanson, 00-1168 (La.App. 5 Cir. 12/13/00),778 So.2d 43, 45, writ denied, 03-2838 (La.10/08/04), 883 So.2d 1030. It is also noted that the Louisiana Supreme Court has held that La. R.S. 15:529.1 does not authorize imposition of a fine, but only provides for enhanced sentences relating to the term of imprisonment. See State v. Williams, 04-1016 (La.App. 5 Cir. 3/29/05), 901 So.2d 527, 533, writ denied, 05-1080 (La.12/09/05), 916 So.2d 1056.

. See La. R.S. 15:529.1(0 as it existed at the time of the underlying offense in July of 2013.