LILJEBERG, J.
|! Defendant appeals his conviction and sentence for possession with intent to distribute cocaine. For the following reasons, we affirm defendant’s conviction, amend his sentence, and affirm the sentence as amended. We also grant appellate counsel’s motion to withdraw as counsel of record.
PROCEDURAL HISTORY
On June 6, 2014, the Jefferson Parish District Attorney filed a bill of information charging defendant, Arthur L. Payne, with possession with intent to distribute cocaine, in violation of La. R.S. 40:967(A). On June 18, 2014, a plea of not guilty was entered on his behalf in abstentia. Thereafter, on April 27, 2016, defendant withdrew his plea of not guilty and pleaded guilty as charged. In accordance with the plea agreement, the trial court sentenced defendant to 20 years imprisonment with the Department of Corrections without the benefit of probation, parole, or suspension of sentence. The trial court further ordered that his sentence run concurrently with his sentences in case numbers 14-3039, 14-6035, and 14-2957.[1] Defendant filed an application for post-conviction relief seeking an out-of-time appeal, which was granted by the trial court.
FACTS
Because defendant pleaded guilty, the facts were not fully developed at a trial. During the guilty plea colloquy, the State provided the following factual basis for the guilty plea: “[H]ad that matter proceeded to trial, the State was prepared to show that on or about the date listed on the bill information this defendant, within the 24th Judicial District Court, did violate Louisiana Revised Statute 40:967(A), possession with intent to distribute cocaine, within Jefferson ^Parish.” The bill of information provides that the date of the offense was on or about March 25,2014. ,
*885 LAW AND DISCUSSION
Pursuant to the procedure adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[3] The request must be accompanied by “‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or | Robjections lack merit. The Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 95-929 at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
In the present case, defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel asserts that before defendant changed his plea from not guilty to guilty, he was fully informed of the legal consequences of doing so by both his trial counsel and the trial court. Further, appellate counsel contends that in addition to *886 the extensive waiver and plea form filled out by defendant and his trial counsel, an examination of the plea colloquy reveals that the trial court was thorough in explaining and making sure defendant understood the rights he was waiving by pleading guilty.
Appellate counsel has filed a motion to withdraw as attorney of record, in which she states that she has notified defendant that she filed an Anders brief and a motion to withdraw from the case. Appellate counsel also indicates that she | ¿informed defendant of his right to file a pro se supplemental brief in this appeal.[4] Defendant has not filed a pro se supplemental brief in this matter.[5]
An independent, review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information properly charged "defendant and plainly and concisely stated the essential facts constituting.the offense charged. It also sufficiently identified defendant-and the crime charged. See La. C.Cr.P. arts. 462-466.
The record shows that there are no ap-pealable issues surrounding defendant’s presence. Although defendant did not appear at his arraignment, he filed a “Motion, Affidavit and Order to Waive Defendant’s Presence at Arraignment,” and the trial court granted the motion, allowing défendant to waive his presence and ap-péar through counsel. At the arraignment, defense counsel entered a not guilty plea on defendant’s behalf. Defendant and his counsel appeared at all other crucial stages of the proceedings against him, including the guilty plea hearing and sentencing.
Further, defendant pleaded guilty in this case. Under both state and federal jurisprudence, it is well-settled that an unqualified guilty plea waives all non-jurisdictional defects occurring prior thereto, and precludes review of such defects by appeal. State v. Johnson, 08-449 (La.App. 5 Cir. 12/16/08), 3 So.3d 17, 19, writ denied, 09-787 (La. 12/18/09), 23 So.3d 932. In the present case, because defendant entered an unqualified guilty plea, he waived any non-jurisdictional defects.
IsThe record reveals that defendant filed a motion to suppress evidence, which was denied by the trial court.[6] Defendant did' not preserve this ruling for appeal under State v. Crosby, 338 So.2d 584 (La. 1976). Although defendant also filed omnibus pre-trial motions, the record does not reflect any rulings on those motions, aside from the motion to suppress evidence. Defendant did not object to the trial court’s failure to hear- or rule on his pre-trial motions prior to his guilty plea. When a defendant does not object to the trial court’s failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. See State v. Corzo, 04-791 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Therefore, defendant’s motions are considered waived.
’ Next, once a defendant is sentenced, only those guilty pleas that are *887 constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id.
A review of the record reveals no constitutional infirmity in defendant’s guilty plea. The record shows that defendant was aware he was charged with and pleading guilty to one count of possession with intent to distribute cocaine. On the waiver of rights form and during the guilty plea colloquy with the trial judge, defendant was advised of' his right to a jury trial, his right to confrontation, and his privilege against self-incrimination as required by Boykin v. Alabama, supra. Defendant signed the waiver of rights form indicating that he understood he was | (¡waiving these rights by pleading guilty. Hé also indicated during the colloquy that he understood he was waiving these rights.
During his guilty plea colloquy, defendant indicated that his guilty plea was knowing, intelligent, free and voluntary, and no promises or threats were made to encourage him to plead guilty. Defendant also indicated during the guilty plea colloquy that he understood his guilty plea could be used to enhance penalties for any future convictions. He was informed during the colloquy and by means of the waiver of rights form that he faced a minimum sentence of five years imprisonment and' a maximum sentence of 30 years imprisonment and a $50,000 fine, and that the actual sentence that would be imposed if his guilty plea was accepted was 20 years imprisonment without the benefit of probation, parole, or suspension of sentence. After the colloquy with defendant, the trial court accepted defendant’s plea as knowingly, intelligently, and voluntarily made.
Although defendant was advised on the waiver of rights form and during the guilty plea colloquy that he faced a minimum sentence of five years imprisonment, this advisal was incorrect. Pursuant to La. R.S. 40:967(B)(4)(b), defendant faced a term of imprisonment at hard labor for not less than two years.nor more than 30 years, with the first two years of said sentence being without benefit of probation, parole, or suspension of sentence. The statute also provides for a possible fine of not more than $50,000.
La. C,Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. State v. Kent, 15-323 (La.App. 5 Cir. 10/28/15), 178 So.3d 219, 229, writ denied, 15-2119 (La. 12/16/16), 211 So.3d 1165. Further, La. C.Cr.P. art. 556.1(E) provides that; “[a]ny variance from the procedures required by this 17Article which does not affect substantial rights of the accused shall not invalidate the plea.” Violations of La. C.Cr.P. art. 556.1 that do not rise to the level of Boykin violations are subject to a harmless error analysis. Kent, supra; State v. Craig, 10-854 (La.App. 5 Cir. 5/24/11), 66 So.3d 60, 64.
In the present case, although the trial court failed to advise defendant of the correct minimum sentence, the trial court informed defendant before his guilty plea was accepted that he would receive a 20-year sentence without the benefit of probation, parole, or suspension of sentence, and defendant later received that sen *888 tence.[7] Further, by signing the waiver of rights form, defendant indicated that he understood that he would receive a 20-year sentence without the benefit of probation, parole, or suspension of sentence. Any violation of Article 556.1 did not cause prejudice since defendant knew the sentence he would receive, and he received that sentence. The advisement of the agreed upon sentence was sufficient for compliance with La. C.Cr.P. art. 556.1. See Craig, 10-854 at 7-8, 66 So.3d at 64; State v. Broadway, 40,569, p. 7 (La.App. 2 Cir. 1/25/06), 920 So.2d 960, 963. Accordingly, no substantial rights of defendant were affected by the trial court’s incorrect advi-sal of the minimum sentence.
With regard to defendant’s sentence, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Washington, 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. In the present case, defendant’s sentence was imposed in accordance with the terms of the plea agreement set forth in the record at the time of the plea. We also note that the term of defendant’s sentence falls within the sentencing range prescribed by the statute. See La. R.S. 40:967(B)(4)(b). Moreover, defendant’s plea agreement was |8beneficial to him in that he received a sentence ten years less than the maximum he could have received.
Appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion. Accordingly, we affirm defendant’s conviction, and we grant appellate counsel’s motion to withdraw as attorney of record.
ERRORS PATENT
Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990) regardless of whether defendant makes such a request. One error requiring corrective action was noted.
Defendant was sentenced to 20 years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. Defendant’s conviction for possession with intent to distribute cocaine, La. R.S. 40:967(A), only provides for a restriction of probation, parole, or suspension of sentence for the first two years. See La. R.S. 40:967(B)(4)(b). Thus, defendant received an illegal sentence due to the restriction of benefits imposed.
When a sentencing error involves the imposition of restrictions beyond what the legislature has authorized in the sentencing statute, the Louisiana Supreme Court has ruled that the appellate courts “should not rely on La. R.S. 15:301.1(A) to correct the error as a matter of law but should correct the sentence on its own authority under La. C.Cr.P. art. 882 to correct an illegal sentence ‘at any time.’” State v. Sanders, 04-17 (La. 5/14/04), 876 So.2d 42.
laAccordingly, we amend defendant’s sentence to reflect that only two years of the sentence imposed are to be served without the benefit of probation, parole, or suspension of sentence, and we affirm the sentence as amended. We further order the clerk of the trial court to transmit notice of this amended sentence to the officer in charge of the institution to *889 which defendant has been sentenced and to the Department of Corrections’ legal department. See State v. Richard, 12-310, p. 13 (La.App. 5 Cir. 4/24/13), 115 So.3d 86, 94, writ denied, 13-1220 (La. 12/2/13), 126 So.3d 497.
DECREE
For the foregoing reasons, we affirm defendant’s conviction for possession with intent to distribute cocaine. We amend the sentence and affirm the sentence as amended. We also grant appellate counsel’s motion to withdraw as counsel of record.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED; MOTION TO WITHDRAW GRANTED

. On the same date that he pleaded guilty in the instant matter, April 27, 2016, defendant entered guilty pleas and was sentenced in case numbers 14-3039, 14-6035, and 14-2957. Defendant has filed appeals in this Court in connection with case numbers 14-3039 and 14-6035. In case number 14-2957, defendant pleaded guilty to the misdemeanor offense of possession of marijuana.

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La, App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp, 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

. The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. This Court also sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had the right to file a pro se supplemental brief.

. Defendant filed a writ application with this Court, seeking review of the denial of his motion to suppress. This Court denied the writ application, State v. Payne, 15-758 (La. App. 5 Cir. 1/11/16) (unpublished writ disposition).

. See Errors Patent discussion, infra, regarding the restriction of benefits.