RUDOLPH PERKINS                          NO. 22-KH-167

VERSUS                                   FIFTH CIRCUIT

STATE OF LOUISIANA                       COURT OF APPEAL

                                         STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Susan S. Buchholz*
Susan S. Buchholz
First Deputy, Clerk of Court

June 28, 2022

Susan Buchholz
First Deputy Clerk

IN RE RUDOLPH PERKINS

---

APPLYING FOR  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE RAYMOND S. STEIB, JR., DIVISION "A", NUMBER 17-3125

---

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Stephen J. Windhorst

## WRIT GRANTED IN PART AND DENIED IN PART

Relator, Rudolph Perkins, seeks this Court's supervisory review of the trial court's denial of his application for post-conviction review (APCR) on August 19, 2021.  In his APCR, filed on August 6, 2021, relator claimed that his counsel rendered ineffective assistance in negotiating his plea agreement and sentence given that his arrest was illegal and the evidence did not support the charged offense.[1]  Relator pled guilty to possession with intent to distribute cocaine and was sentenced, pursuant to a negotiated plea agreement, to twelve years imprisonment at hard labor with the first ten years to be served without the benefit of parole, probation, or suspension of sentence.

To prove ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the *Strickland* test, the defendant must show: (1) that counsel's performance was deficient, falling below an objective standard of reasonableness under prevailing professional norms; and (2) that the deficient performance prejudiced the defense.  *State v. Casimer*, 12-678 (La. App. 5 Cir. 3/13/13), 113 So.3d 1129, 1141.  We find no error in the trial court's finding that the relator did not meet his post-conviction burden of proof under La. C.Cr.P. art. 930.2. Although relator argued that his counsel misadvised him to decline trial despite his illegal arrest on the instant offense, his counsel challenged his arrest at the preliminary hearing and filed several pretrial motions, including a motion to

---

[1] Although relator's APCR was filed more than two years after his conviction and sentence became final on March 7, 2019, La. C.Cr.P. art. 930.8(A)(2) provides an exception for an appellate court's establishment of a "theretofore unknown interpretation of constitutional law.  In 2020, the Louisiana Supreme Court in *State v. Harris*, held that an "ineffective assistance of counsel at sentencing claim is cognizable on collateral review."  18-1012 (La. 7/9/20), --- So.3d. ---, available at 2020 WL 3867207.

22-KH-167

suppress the evidence.  Additionally, a plea agreement to twelve years imprisonment was a favorable option where relator was facing possible sentencing exposure of thirty years to life imprisonment with a multiple offender enhancement as a fourth-felony offender.

After reviewing the legality of relator's sentence by an examination of the transcript of the sentencing hearing of February 5, 2019, uniform commitment order, and guilty plea form, we find that relator's sentence was illegally harsh. Relator's twelve-year sentence was imposed without benefits of parole, probation, or suspension of sentence for the first ten years. The transcript reveals the trial court's statement:  "The minimum sentence I can impose is 10 years in jail. The maximum sentence is up to 30 years in jail and a fine of up to $500,000.  The first 10 years of this sentence is without benefits of probation, parole or suspension of sentence."[2]  However, according to the bill of information dated May 19, 2017, relator's offense occurred on March 27, 2017.  At that time, La. R.S. 40:967(B)(4)(b)[3] provided for "a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence."[4] *See State v. Sugasti*, 01-3407 (La. 6/21/02), 820 So.2d 518, 522 (stating the penalty of the offense is determined as of the date of the offense).  When a sentencing error involves the imposition of restrictions beyond what is authorized, the Louisiana Supreme Court has ruled that the appellate courts "should not rely on La. R.S. 15:301.1(A) to correct the error as a matter of law but should correct the sentence on its own authority under La. C.Cr.P. art. 882." *State v. Payne*, 17-12 (La. App. 5 Cir. 5/17/17), 220 So.3d 882, 888-89 (citing *State v. Sanders*, 04-17 (La. 5/14/04), 876 So.2d 42).

Therefore, we deny the relator's writ seeking review of his application for post-conviction relief for ineffective assistance of counsel.  However, as we find relator's sentence was illegal due to the restriction of benefits imposed by the trial court, we amend his sentence to reflect that only two years of the sentence imposed are to be served without the benefit of probation, parole, or suspension of sentence. We further order the clerk of the trial court to transmit notice of this amended sentence to the office in charge of the institution to which relator has been sentenced and to the Department of Corrections' legal department.  *See State v. Richard*, 12-310 (La. App. 5 Cir. 4/24/13), 115 So.3d 86, 94, *writ denied*, 13-1220 (La. 12/2/13), 126 So.3d 497.

Gretna, Louisiana, this 28th day of June, 2022.

**FHW**
**MEJ**
**SJW**

---

[2] Additionally, relator's guilty plea form states that the minimum sentence under the statute is ten years.

[3] The punishment for La. R.S. 40:967(B)(4)(a) production & manufacturing, however, was ten to thirty years with "at least 10 years without benefits."

[4] This version of the statute remained in effect until July 31, 2017, with subsequent versions reducing the penalty for the instant offense to "not less than one year nor more than ten years" with or without hard labor.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **06/28/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-KH-167**

### E-NOTIFIED
24th Judicial District Court (Clerk)
Hon. Raymond S. Steib, Jr. (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Rudolph Perkins #317312 (Relator)
Rayburn Correctional Center
27268 Highway 21
Angie, LA 70426