GRAVOIS, J.
1 .INTRODUCTION
Defendant/appellant, Kareem Nicholas,[1] has filed this appeal regarding his convictions and sentences resulting from guilty pleas and a habitual offender proceeding. His appointed appellate counsel has filed a brief in accordance with the procedures adopted by this Court in State v. Bradford, *868 95-929 (La.App, 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] and a motion to withdraw as counsel of record for defendant. After thorough review, we affirm defendant’s convictions, habitual offender adjudication, and sentences, and grant appointed appellate counsel’s motion to withdraw. We further remand the matter to the district court for correction of the minute entry and commitment as described below.

PROCEDURAL HISTORY AND FACTS

On February 10, 2015, the Jefferson Parish District Attorney filed a bill of information alleging that defendant, Kareem Nicholas, committed possession with the intent to distribute cocaine in violation of La, R.S; 40:967(A) (count one); possession with intent to distribute oxycodone in violation of La.' R.S. 40:967(A) (count two); possession of a firearm by ■ a’ convicted felon in violation of La. R.S. 14:95.1 (count three); and possession without a prescription of a legend drug, Tramadol, in violation of La. R.S. 40:1238.1 (count five).[3] On February 20, 2015,-defendant filed a motion to suppress confession, identification, and physical evidence. Defendant pled not guilty to the charges at arraignment on February 27,2015.
On March 31, 2015, the bill of information was amended as, to- counts two and three. Specifically, count two was amended to attempted possession with the 12intent to distribute oxycodone in violation of La. R.S. 40:979 and La. R.S. 40:967(A), and count three was amended to attempted possession of a firearm by a convicted felon in violation of La. R.S. 14:27 and La., R.S. 14:95.1. Also on March 31, 2015, defendant withdrew his not guilty pleas and pled guilty to all counts as amended:
On July 17, 2015, the State filed a habitual offender bill of information alleging that defendant was a second felony offender. On July 28, 2015, defendant was sentenced as follows: seven years imprisonment at hard labor, with the' first two years to be served without the- benefit of parole, probation, or suspension of sentence, on count one; seven years imprisonment at hard labor on count two; ■ five years imprisonment at hard labor, to be served without the benefit of parole, probation, or suspension of sentence,' on count three; and five years imprisonment at hard labor on count five. All counts were ordered to run concurrently with each other and with case number 14-3763. On that same date, defendant, denied the allegations contained in the habitual offender bill of information.
On July 29, 2015, defendant filed a motion to withdraw his guilty pleas, which was denied on September-1, 2015. Also on September 1, 2015, defendant stipulated to his identity as a previously-convicted offender, and the court found -defendant to be a second felony offender. At the habitual offender hearing, defense counsel requested that the trial court deviate from the mandatory minimum sentence; the -trial court denied defendant’s request. The trial court thereupon vacated defendant’s sentence as to count one and sentenced him as a second felony offender to fifteen years imprisonment at hard labor, without the benefit of probation or suspension of sentence. The trial court further -ordered *869 that defendant’s sentence run concurrently ■with all counts in this case and any and all other sentences defendant may have been serving.
lsOn September 23, 2015, defendant filed a pro se notice of appeal, which was granted on October 14, 2015. This appeal followed.
Defendant pled guilty to all charges filed against him instead of proceeding to trial. At the guilty plea hearing, no factual basis was provided. However, the amended bill of information alleged that on January 14, 2015, in Jefferson Parish, defendant committed possession with intent to distribute cocaine in violation of La. R.S. 40:967(A) (count one); attempted possession with intent to distribute oxycodone in violation of La. R.S. 40:979 and La. R.S. 40:967(A) (count two);, attempted possession of a firearm by a convicted felon in violation of La. R.S. 14:27 and La. R.S. 14:95.1, when he had previously been convicted of possession of a firearm with a controlled dangerous substance in violation of La. R.S. 14:95(E) (count three); and possession without a prescription of a legend drug, Tramadol, in violation of La. R.S. 40:1238.1 (count five).
Under the procedure adopted by this Court in State v. Bradford, supra, appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and found no non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), appointed appellate counsel requests permission to withdraw as, counsel of record for defendant.
In Anders, supra, the United States Supreme Court stated that appointed- appellate counsel may request permission to withdraw if:he finds defendant’s appeal to be wholly frivolous after a conscientious examination of it. The request must be accompanied by “‘a brief referring to,anything in the record that might arguably support the appeal’” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court |4“in making the critical determination whether the appeal is indeed so frivolous that counsel .should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm defendant’s convictions, habitual offender stipulation and/or adjudication, and sentences. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. See Bradford, 95-929 at 4, 676 So.2d at 1110.
Defendant’s appellate counsel asserts that after a detailed review of the record, he could find no’ non-frivolous issues to raise on appeal. Appellate counsel states that the district court accepted defendant’s guilty pleas after conducting a thorough Boykin[4] colloquy advising defendant of the constitutional rights that he was waiv *870 ing by entering his guilty pleas. Counsel notes that defendant indicated that he was satisfied with defense counsel’s performance and denied being threatened by anyone to enter his guilty pleas.
Counsel asserts that defendant was aware of the conditions of pleading guilty, namely that he was required to appear for the sentencing hearing. Appellate counsel states- that defendant failed to abide by the terms of the plea agreement, and the district court imposed a higher sentence as a result of his failure to appear at the sentencing hearing. Appellate counsel asserts that when defendant attempted Rto withdraw his guilty pleas, defense counsel did not satisfy his burden of showing exceptional circumstances that would illustrate to the district court that the mandatory minimum would be cruel and unusual punishment, which resulted in the denial of defendant’s motion. Appellate counsel notes that there were no pre-trial hearings recorded in this appeal and that only a change of plea hearing was recorded. Appellate counsel requests a review for whether the record reveals any errors patent such that the convictions and sentences should be reversed under La. C.Cr.P. art. 920.
Appellate counsel has filed a motion to withdraw as counsel of record for defendant which states that he has notified defendant of the filing of his motion to withdraw and had advised him of his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an An-ders brief had been filed and that he had until March 10, 2016 to file a pro se supplemental brief. Defendant has not filed a pro se brief.
In its response brief to appellate counsel’s Anders brief, the State asserts that the standard established in Anders applies to the present case and has been upheld by appellate counsel. The State agrees with appellate counsel that the record does not contain any non-frivolous issues to be raised on appeal. The State also notes that defendant’s sentence as to his conviction of attempted possession of a firearm by a convicted felon was illegally lenient because the trial court failed to impose the mandatory fine. However, the State requests that this Court decline to correct the illegally lenient sentence considering defendant’s indigent status.

ANALYSIS

An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The bill of information, as amended, plainly, concisely, and definitely states essential facts constituting the offenses charged, and sufficiently identified defendant and the lficrimes charged. As reflected by the minute entries and transcripts, defendant appeared at each stage of the proceedings against him, including his arraignment, guilty pleas, habitual offender hearing, and sentencing.
Defendant pled guilty to possession with intent to distribute cocaine, attempted possession with intent to distribute oxycodone, attempted possession of a firearm by a convicted felon, and possession without a prescription of a legend drug, Tramadol. Prior to his guilty pleas, defendant filed motions to suppress confession, identification, and physical evidence. While the record does not indicate that defendant’s motions were ruled upon prior to entering his guilty pleas, defendant waived the motions by pleading guilty without raising the issue that his pre-trial motions were neither heard nor ruled upon by the trial court. See State v. Corzo, 04-791 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.
*871 A review of defendant’s guilty.pleas reveals no non-frivolous issues that would support an appeal. The record reflects that defendant was aware that he was pleading guilty to all charges as amended. The transcript and waiver of rights form both reflect that defendant was advised that he was giving up his rights to a trial by jury or a bench trial, , to be presumed innocent until the State proved him guilty beyond a reasonable doubt, to force the State to call witnesses who under oath would have to testify against him at trial, to have his attorney question each of those witnesses, to testify himself at trial if he chose to do so or to remain silent and not have his silence held against him, to present any witnesses and evidence in his favor, and to appeal any verdict of guilty that might have been returned against him at trial.
Fui'ther, the transcript and waiver of rights form reflect that defendant indicated that he was satisfied with the way his attorney and the trial court handled .his case. He also indicated .that he had not been forced, coerced, or threatened to Renter his guilty pleas. Defendant conveyed that he understood all of the. possible legal consequences of pleading guilty and that he wished to plead guilty.
During the guilty plea colloquy, defendant was advised that on count one, possession with intent to distribute cocaine, he faced a maximtim sentence of thirty years at hard labor and that his sentence would be “two years at hard labor,” with the first two years to be served without the benefit of parole, probation, or suspension of sentence. By means of the waiver of rights form, defendant was advised that on count one, his sentence would be seven years, without the benefit of parole, probation, or suspension of sentence.
During the guilty plea colloquy and by means of the waiver of rights form, defendant was advised that on count two, attempted possession with intent to distribute oxycodone, he faced a maximum sentence of fifteen years imprisonment at hard labor, and that his sentence would be seven years at hard labor, to be served without the benefit of parole, probation, or suspension of sentence.
On count three, by means of the waiver of rights form, defendant was advised that his sentence would be five years imprisonment, without the benefit of parole, probation, or suspension of sentence. However, during the guilty plea colloquy, the trial court advised defendant that his sentence on count three would be seven years at hard labor without the benefit of parole, probation, or suspension of sentence, After defense counsel brought to -the court’s attention that the waiver of rights form stated five years imprisonment, the trial judge replied “that is not what I originally said.” The judge also advised defendant that the maximum sentence defendant faced for the offense of attempted possession of a firearm by a convicted felon was ten years imprisonment at hard labor. However, La. R.S. 14:95.1(B) provides that notwithstanding La. R.S. 14:27, the offense was punishable by imprisonment for not more than seven and one-half years. |sTherefore, it appears that the trial court provided defendant with an incorrect advi-sal regarding the maximum sentence that he faced regarding count three.
La. C.Cr.P. art. 556.1(A)(1) provides that,- prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. State v. Kent, 15-323 (La.App. 5 Cir. 10/28/15), 178 So.3d 219, 229. Further, La. C.Cr.P. art. 556.1(E) provides that: “[a]ny variance from the procedures required by this Article which does not *872 affect substantial rights of the accused shall not invalidate the plea.”- Violations of La. C.Cr.P. art. 556.1 that do not rise to the level of Boykin violations are subject to a harmless error analysis. Kent, supra (citing State v. Craig, 10-854 (La.App. 5 Oir. 5/24/11), 66 So.3d 60, 64).
In the present case, although the trial court failed to properly advise defendant . regarding the maximum sentence that he faced as to count three, the trial court informed defendant that he would receive a seven-year sentence, and defendant later received a seven-year sentence as to count three. The advisement of the agreed upon sentence complied with La. C.Cr.P. art. 556.1. See Kent, supra (citing Craig, 66 So.3d at 64). Accordingly, no substantial rights of defendant were affected by the trial court’s improper advisal concerning the maximum sentence that defendant faced'as to count three; this does not present a non-frivolous issue on 'appeal.
During the.guilty plea colloquy and by means of the waiver of rights form, on count five, possession of a legend drug, defendant was advised that he faced a maximum sentence of five years at hard labor and that his sentence would be five years imprisonment at hard labor.
|aThe trial court also advised defendant that his sentences would run concurrently with each other and with the sentence imposed in case number 14-3763.
Additionally, it is noted that the trial judge failed to advise defendant of the minimum sentences he faced regarding any of the counts as required by La. C.Cr.P. art. 556.1. However, a violation of Article 556.1 for the failure to inform a defendant of the minimum penalty does not cause prejudice if defendant knew the sentence he would receive, and. he received that sentence. As previously mentioned, an advisement of the agreed upon sentence is ■ sufficient for compliance with La. C.Cr.P. art. 556.1. See Kent, supra (citing Craig, supra). As such, the trial court’s failure to properly advise defendant of the minimum sentences was harmless and does not present a non-frivolous issue on appeal.
At thé conclusion of the guilty plea hearing, the trial court granted defendant’s request to be sentenced at a later date. The judge informed defendant that if he failed to appear for sentencing on that date, then “all bets are off with respect to the sentences.” Defendant indicated that he understood this. The State also reserved its right to file a habitual offender bill of information alleging that defendant was a second felony offender in the event that defendant" failed to appear for sentencing. The judge gave defendant oral notice of the sentencing date, and defendant acknowledged the oral notice. When defendant failed to appear on the date set for his sentencing hearing, the State filed a habitual offender bill of information against defendant.
Defendant was later sentenced to seven years imprisonment at hard labor, with the first two years to be served without the benefit of parole, probation, or suspension of sentence on count one; -seven years imprisonment at hard labor on count two; five years imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence on count three; and five years imprisonment | inat hard labor on count five. The sentences were also ordered to run concurrently with each other, and defendant’s sentence in case number 14-3763 was ordered to run concurrently with the sentences in this case.
Defendant also denied the allegations in the habitual offender bill of information. Although defendant failed to appear for his original sentencing date and the trial court *873 had previously stated that a failure to appear would result in “all bets are off with respect to the sentences,” defendant’s original sentence, prior to his habitual offender sentencing, ■ was in accordance with the plea'agreement with the exception that the trial court imposed the seven years imprisonment at hard labor that was reflected in the waiver of rights form instead of the two years imprisonment at hard labor as stated during the guilty plea colloquy as to count one.[5]
After his original sentencing, defendant filed a motion to withdraw his guilty pleas, which was denied. On appeal, appellate counsel and the State agree that defendant was properly multiple billed, and the trial court properly imposed a higher sentence after defendant failed to appear for sentencing. Jurisprudence supports that defendant was not entitled to .withdraw his guilty pleas and that the trial court did not err in imposing a higher sentence after defendant failed to appear for sentencing. See State v. Roche, 09-684 (La.App. 5 Cir. 3/23/10), 39 So.3d 706, writ denied, 10-930 (La.11/19/10), 49 So.3d 396 (where this Court found that defendant’s argument pertaining to the validity of his guilty plea was without merit when defendant acknowledged that he would receive a greater sentence if he failed to appear for . sentencing); State v. Stewart, 03-976 (La.App, 5 Cir. 12/30/03), 862 So.2d 1271 (where this Court found that defendant acknowledged that he would | nreceive a greater sentence if he failed to appear for sentencing and that the trial court did not err in imposing a greater sentence after defendant failed to appear).
Prior- to his guilty pleas, the State advised defendant that if it filed a habitual offender bill of information, the sentencing range would be between fifteen .and sixty - years on count one. Therefore, defendant was aware of- the sentencing range he would face if he failed to appear at the sentencing hearing. Accordingly, the validity of defendant’s guilty pleas was not affected by the .trial court’s imposition of a greater sentence after defendant failed to appear for sentencing.
After the trial court denied defendant’s motion to withdraw guilty pleas, defendant stipulated to his identity as the previously-convicted offender, and the court found him to -be a second felony offender. Upon review of defendant’s habitual • offender adjudication, we find no non-frivolous issues therein which would support an appeal. Defendant indicated that he was previously convicted in case number 06-2033 in violation of La. R.S. 14:95(E), that he pled guilty on July 20, 2006, and that' he was sentenced to five years imprisonment. The State also admitted a certified copy of defendant’s conviction, including the waiver of rights form concerning the predicate offense. 1
Defendant stipulated that he was the same individual convicted of the predicate offense alleged in the habitual offender bill of information. We note that the trial cpurt failed to advise defendant of his habitual .offender rights, including his right to a hearing and right to remain silent, prior to his stipulation. Generally, a trial court’s failure to .advise the defendant of his right to a habitual, offender hearing or his right to remain silent is considered *874 harmless error when the defendant’s habitual offender status is established by competent evidence offered by the State at a hearing rather than by admission of the defendant. State v. Hart, 10-905 (La.App. 5 Cir. 5/10/11), 66 So.3d 44, 47, writ denied, 11-1178 (La.11/18/11), 75 So.3d 448. In this case, defendant admitted his status.
In State v. Cook, 11-2223 (La.3/23/12), 82 So.3d 1239 (per curiam), the Louisiana Supreme Court found that the trial court adjudicated the defendant as a habitual offender on the basis of not only his stipulation, but also the documentary evidence introduced by the State at the hearing. Accordingly, the high court found that any technical non-compliance with the statutory directives in La. R.S. 15:529.1. was harmless. The court noted that the State informed the court that its fingerprint expert was available to confirm defendant’s identity as the previously-convicted offender. See also State v. Goosby, 47,772 (La.App. 2 Cir. 3/6/13), 111 So.3d 494, 507, writ denied, 13-760 (La.11/1/13), 125 So.3d 418 (where the appellate court found that the State presented competent evidence at the habitual offender hearing and that no reversible error occurred when the trial court failed to advise the defendant of his right to remain silent); State v. Wright, 598 So.2d 1267 (La.App. 4th Cir.1992), writ denied, 604 So.2d 969 (La.1992) (where the appellate court found that as the defendant was given a formal hearing and competent evidence of certified copies of the predicate convictions were introduced, there was no error by the trial court in failing to advise the defendant of his right to remain silent before accepting his stipulation as to his identity).
In the present case, .prior to defendant’s voluntary stipulation, the State said that it would call Deputy Jimmy Perkins to the stand in connection with the allegation in the habitual offender bill of information. The State also introduced into evidence a certified copy of defendant’s predicate conviction, including the waiver of rights form showing that defendant was advised of his rights when he pled guilty to the predicate offense. Therefore, similar to Cook, supra, we find that the trial court’s failure to advise defendant of his habitual offender rights, under the circumstances of this case, was harmless. Accordingly, this does not present any non-frivolous issues on appeal.
11sAt the' habitual offender hearing, defense counsel requested ‘ that the court deviate from the mandatory maximum sentence, which the trial court denied. The trial' court vacated defendant’s previous sentence on count one and sentenced him as a second felony offender to fifteen years imprisonment at hard labor, to be served without the benefit ofprobation or suspension of sentence. The court further ordered that defendant’s habitual offender sentence run concurrently with all other counts that he pled guilty to and any and all other sentences that he may have been serving.
At the time of the offense,[6] La. R.S. 15:529.1(A)(1) provided in pertinent part that:
(1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and riot more than twice *875 the longest term prescribed for a first conviction.
As previously mentioned, defendant’s underlying conviction on count one, possession with intent to distribute cocaine, was punishable by imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without the benefit of parole, probation, or suspension of sentence. See La. R.S. 40:967(B)(4)(b). Defendant faced a sentencing range of fifteen to sixty years imprisonment. See La. R.S. 15:529,1(A)(1); La. R.S. 40:967(B)(4)(b). Accordingly, defendant’s enhanced sentence of fifteen years is within the statutory range and was the minimum sentence allowed.' Therefore, defendant’s enhanced sentence does not present any non-frivolous issues which would support an appeal in this case.
Based on the foregoing, the proceedings surrounding defendant’s guilty pleas, habitual offender adjudication, and sentences do not present any non] 14frivolous issues to be raised on appeal. Appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and has not identified any basis for a non-frivolous appeal. An independent review of the record supports counsel’s assertion. Therefore, defendant’s convictions, habitual offender adjudication, and sentences are affirmed and appellate counsel’s motion to withdraw as attorney of record is granted.

ERRORS PATENT REVIEW

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
The record reveals a conflict between the transcript and minute entries/commitments, which reflect the incorrect offense as to defendant’s conviction for count two. The March 31,2015 minute entry/commitment incorrectly reflects that defendant pled guilty to an attempt to distribute cocaine as to count two. The July 28, 2015 minute entry/commitment incorrectly reflects that defendant pled guilty to an attempt to distribute “a CDS” as to count two. However, the transcript reflects that defendant pled guilty to possession with intent to distribute oxycodone as to count two. Where there is a discrepancy between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).
Accordingly, in order to ensure an accurate record, we remand the matter and order the district court to correct the minute entries/commitments to reflect the proper conviction as to count two. It is noted that the July 28, 2015 Uniform Commitment Order reflects the correct offense as to count two.[7] We further direct 11sthe Clerk of Court to transmit the original of the corrected Uniform Commitment Order(s) to the officer in charge of the institution to which defen *876 dant had been sentenced and to the Department of Corrections’ Legal Department. See La. C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam); State v. Long, 12-184 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142.

CONCLUSION

For the foregoing reasons, defendant’s convictions, habitual offender adjudication, and sentences are affirmed; appellate counsel’s motion to'withdraw as counsel of record is hereby granted. The matter is remanded to the district court for correction of the minute entry and commitment as describéd above.

AFFIRMED; REMANDED FOR CORRECTION OF MINUTE ENTRY ¡COMMITMENT

. Defendant’s first name is spelled variously throughout the record as Kareem or Kareen.

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4th Cir.1990), which Were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam).

. Co-defendant, Cornell P. Royal, was also charged with counts four and six in the same bill of information as defendant.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. The trial judge’s advisal that the actual sentence to be imposed on count one was two years - imprisonment instead of seven years imprisonment as reflected in the waiver of rights form may have been a typographical error with the transcript. See Craig, 10-854 at 7-8, 66 So.3d at 64 (where this Court noted a possible typographical error in the transcript regarding the sentence advisal when there was a discrepancy between the waiver of rights form and the transcript).

. The Louisiana Supreme Court has held a defendant should be sentenced pursuant to the version of La. R.S. 15:529.1 in effect at the time of the commission of the charged offense. State v. Parker, 03-0924 (La.4/14/04), 871 So.2d 317, 326.

. When sentencing defendant on count three, as noted above, the trial court failed to impose the mandatory fine required by La. R.S. 14:95.1(B). This Court has the authority to correct an illegal sentence at any time. See La. C.Cr.P. art. 882. However, the authority to correct an illegally lenient sentence is permissive rather than mandatory. In the present case, defendant is represented by the Louisiana Appellate Project. Therefore, this Court will refrain from exercising its authority to remand for correction of the illegally lenient sentence due to defendant’s indigent status. See State v. Ruffin, 13-393 (La.App. 5 Cir. 12/12/13), 131 So.3d 330, 341, writ denied, 14-66 (La.6/13/14), 140 So.3d 1194; State v. Campbell, 08-1226 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, 1081, writ denied, 09-1385 (La.2/12/10), 27 So.3d 842.