STATE OF LOUISIANA

VERSUS

DEWAYNE A. ALLEN

NO. 19-KA-388

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-1307, DIVISION "B"
HONORABLE CORNELIUS E. REGAN, JUDGE PRESIDING


April 30, 2020


**HANS J. LILJEBERG**
**JUDGE**


Panel composed of Judges Robert A. Chaisson,
Hans J. Liljeberg, and John J. Molaison, Jr.


**AFFIRMED; MOTION TO WITHDRAW GRANTED**

    **HJL**

    **RAC**

    **JJM**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Zachary P. Popovich
     Meredith Hearn

COUNSEL FOR DEFENDANT/APPELLANT,
DEWAYNE A. ALLEN
     Cynthia K. Meyer

**LILJEBERG, J.**

Defendant appeals his convictions and sentences for possession with intent to distribute heroin and possession of a firearm by a convicted felon. For the following reasons, we affirm. We also grant appellate counsel's motion to withdraw as counsel of record.

## PROCEDURAL HISTORY

On March 26, 2018, the District Attorney for Jefferson Parish filed a bill of information charging defendant, Dewayne A. Allen, with possession with intent to distribute heroin, in violation of La. R.S. 40:966(A) (count one), and possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1 (count two). Defendant pleaded not guilty to the charged offenses. On February 5, 2019, defendant withdrew his former pleas of not guilty, and after being advised of his *Boykin*[1] rights, pleaded guilty as charged.[2] In accordance with the plea agreement, defendant was sentenced on count one to 18 years imprisonment at hard labor and on count two to 18 years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. The trial court ordered defendant's sentences to run concurrently with each other.

On the same date, the State filed a multiple offender bill of information on count two—possession of a firearm by a convicted felon—alleging defendant to be a second-felony offender. Defendant stipulated to the allegations in the multiple bill after being advised of his rights. The trial court then vacated defendant's original sentence on count two, and pursuant to the multiple offender stipulation, resentenced defendant on count two, as a second-felony offender under La. R.S.

---

[1] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[2] On the same date, defendant pleaded guilty under district court case number 17-5152 to possession with intent to distribute heroin, possession with intent to distribute cocaine, possession of a firearm by a convicted felon, possession of an unidentifiable firearm, and possession of a firearm having been previously convicted of domestic abuse battery—all alleged to have occurred on July 12, 2017. Defendant's appeal of these convictions is before this Court under companion case number 19-KA-377. Defendant also pleaded guilty to two misdemeanor offenses under case number 18-1571, which are not before this Court on appeal.

19-KA-388                                          1

15:529.1, to 18 years at hard labor without benefit of probation or suspension of sentence. The trial court ordered all of defendant's sentences, including those imposed in case numbers 17-5152 and 18-1571, to run concurrently, and recommended defendant for participation in any available self-help programs. Defendant appeals.

## FACTS

Because defendant's convictions were the result of guilty pleas, the facts underlying the crimes of conviction are not fully developed in the record. Thus, the facts were gleaned from the bill of information, which alleged that on January 23, 2018, defendant knowingly or intentionally possessed heroin with the intent to distribute, in violation of La. R.S. 40:966(A) (count one), and also on January 23, 2018, defendant violated La. R.S. 14:95.1 in that he possessed a firearm, to wit: a Beretta .25 caliber semi-automatic handgun, serial number BER96499V, having previously been convicted on January 9, 2009 of the crimes of possession with intent to distribute cocaine (a violation of La. R.S. 40:967(A)) under case number 481-694 and possession of cocaine (a violation of La. R.S. 40:967(C)) under case number 462-665, in Section "G" of the Orleans Parish Criminal District Court.[3]

## LAW AND DISCUSSION

Pursuant to the procedure adopted by this Court in *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[4] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and

---

[3] The bill of information initially included, as an additional predicate conviction, a January 9, 2009 conviction for possession with intent to distribute cocaine in case number 471-934 in Orleans Parish Criminal District Court. However, the bill of information was amended on February 5, 2019, to delete the reference to case number 471-934.

[4] In *Bradford*, *supra*, this Court adopted the procedures outlined in *State v. Benjamin*, 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in *State v. Mouton*, 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (*per curiam*).

*State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), appointed counsel requests permission to withdraw as counsel of record.

In *Anders*, *supra*, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[5]  The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

In *Jyles*, 704 So.2d at 241, the Louisiana Supreme Court stated that an *Anders* brief need not tediously catalog every meritless pre-trial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit.  The supreme court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.*

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. *Bradford*, 676 So.2d at 1110.  If, after an independent review,

---

[5] The United States Supreme Court reiterated *Anders* in *Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. *Id.*

In the present case, defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel submits that the only pre-trial ruling which could arguably support an appeal is the denial of defendant's motion to suppress; however, she notes that defendant did not preserve his right to seek appellate review of the denial of any motions. Appellate counsel further maintains defendant entered an unqualified guilty plea, thereby waiving any non-jurisdictional defects. She further asserts the trial court advised defendant of the rights necessary to ensure a knowing and intelligent waiver of rights, as well as the sentencing ranges for the offenses and the sentences that would be imposed. Appellate counsel concludes that defendant was sentenced pursuant to the plea agreement, precluding him from challenging his sentences on appeal.

The State agrees with appellate counsel that there are no non-frivolous issues to raise on appeal, and that appellate counsel's request to withdraw as counsel of record should be granted.

Appellate counsel has filed a motion to withdraw as attorney of record, in which she states that she has notified defendant of the filing of her motion to withdraw, as well as his right to file a *pro se* brief in this appeal.[6] Defendant has not filed a *pro se* brief in this matter.

_____

[6] This Court has also sent defendant a letter by certified mail informing him that an *Anders* brief had been filed and that he had until September 20, 2019, to file a *pro se* supplemental brief.

An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.

The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the charged offenses. It also sufficiently identified defendant and the crimes charged. *See generally* La. C.Cr.P. arts. 464-466. The record also shows there are no appealable issues surrounding defendant's presence. The minute entries show that defendant appeared at each stage of the proceedings against him, including his arraignment, his guilty plea proceeding, his sentencing, and his multiple bill proceeding, including his stipulation and his enhanced sentencing.

Further, defendant pleaded guilty as charged to the offenses contained in the bill of information. Generally, when a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. *State v. Turner*, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Here, defendant entered unqualified guilty pleas, and therefore, all non-jurisdictional defects were waived.

The record also indicates that defendant filed several pre-trial motions, including motions to suppress, which the trial court denied. However, defendant did not preserve any pre-trial rulings for appeal under the holding in *State v. Crosby*, 338 So.2d 584 (La. 1976).

Additionally, a review of the record reveals no irregularities in defendant's guilty pleas that would render them invalid. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the *Boykin* colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a

plea bargain and that bargain is not kept. *State v. McCoil*, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.

The record shows defendant was aware he was pleading guilty to one count of possession with intent to distribute heroin and one count of possession of a firearm by a convicted felon. Defendant was also properly advised of his *Boykin* rights. On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination. Defendant indicated that he understood he was waiving these rights. He also confirmed that he understood the possible legal consequences of pleading guilty and that he had not been forced, coerced, or intimidated into entering his guilty pleas. The trial court further informed defendant that his guilty pleas could be used to enhance a penalty for any future conviction. After his colloquy with defendant, the trial judge accepted defendant's guilty pleas as knowingly, intelligently, and voluntarily made.

We note that, during the guilty plea colloquy, defendant was incorrectly advised that the sentencing range for count one—possession with intent to distribute heroin (La. R.S. 40:966(A))—was one to 20 years at hard labor. La. R.S. 40:966(B)(3) mandates a sentence for this crime of not less than five nor more than 40 years imprisonment at hard labor.

La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty and the maximum possible penalty. La. C.Cr.P. art. 556.1 (E) provides that: "[a]ny variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea." Violations of La. C.Cr.P. art. 556.1 that do not rise to the level of *Boykin* violations are subject to harmless error analysis. *State v. Guzman*, 99-1528 and 99-1753 (La. 5/16/00), 769 So.2d 1158, 1164-66;

*State v. Gilliam*, 01-748 (La. App. 5 Cir. 1/15/02), 807 So.2d 1024, 1027, *writ denied*, 02-0512 (La. 11/1/02), 828 So.2d 562.

In the present case, although the trial court incorrectly advised defendant as to the sentencing range he faced on count one, defendant was informed he would receive an 18-year sentence at hard labor and he subsequently received the agreed-upon sentence. This Court has held that the advisement of an agreed-upon sentence complies with La. C.Cr.P. art. 556.1. *See State v. Nicholas*, 16-16 (La. App. 5 Cir. 6/30/16), 196 So.3d 864, 872; and *State v. Kent*, 15-323 (La. App. 5 Cir. 10/28/15), 178 So.3d 219, 229, *writ denied*, 15-2119 (La. 12/16/16), 211 So.3d 1165.

Further, the record shows defendant was informed of the consequences of his guilty pleas, including the sentences he would receive, and that he conferred with his attorney before entering his guilty pleas. Defendant's sentences were part of what appears to be a highly beneficial plea bargain, in that defendant was sentenced to less than half the maximum sentence the court could have imposed on count one, and his sentence was ordered to run concurrent with the sentences for his other convictions. Additionally, the State filed a multiple bill against defendant as to count two for which he was resentenced to the same 18-year sentence originally imposed. Accordingly, because the record does not show that any substantial rights of defendant were affected by the inaccurate advisal, this does not present a non-frivolous issue for appeal. *See State v. Landfair*, 07-751 (La. App. 5 Cir. 3/11/08), 979 So.2d 619, 622-23, *writ denied*, 08-1143 (La. 1/9/09), 998 So.2d 713.

Next, we note that a review of the multiple offender proceeding reveals no non-frivolous issue for appeal. Defendant was advised of his multiple offender rights, indicated that he understood the consequences of his plea, and wished to plead guilty. Defendant stipulated to being a second-felony offender as alleged in

19-KA-388                                           7

the multiple bill, thereby waiving his right to a hearing and any possible non-jurisdictional defects. By stipulating to the multiple bill, defendant is barred from asserting on appeal that the State failed to produce sufficient proof at the multiple bill hearing. *See State v. Schaefer*, 97-465 (La. App. 5 Cir. 11/25/97), 704 So.2d 300, 304.

Lastly, defendant's sentences are within the sentencing ranges prescribed by the statutes. *See* La. R.S. 40:966(B)(3); La. R.S. 14:95.1(B); La. R.S. 15:529.1(A)(1). Further, defendant's original and enhanced sentences were imposed pursuant to, and in conformity with, the plea agreements. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. *State v. Moore*, 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46; *State v. Washington*, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.

Appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion. Accordingly, we affirm defendant's convictions and sentences, and we grant appellate counsel's motion to withdraw as attorney of record.

## ERRORS PATENT

The record was reviewed for errors patent in accordance with La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990). No errors requiring corrective action were noted.

## DECREE

For the foregoing reasons, we affirm defendant's convictions and sentences for possession with intent to distribute heroin and possession of a firearm by a

convicted felon.  We also grant appellate counsel's motion to withdraw as counsel of record.

**<u>AFFIRMED; MOTION TO WITHDRAW GRANTED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## <u>NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY</u>

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY <u>APRIL 30, 2020</u> TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**19-KA-388**

<u>**E-NOTIFIED**</u>
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE CORNELIUS E. REGAN (DISTRICT JUDGE)
THOMAS J. BUTLER (APPELLEE)          CYNTHIA K. MEYER (APPELLANT)

<u>**MAILED**</u>
HONORABLE PAUL D. CONNICK, JR.
(ATTORNEY)
MEREDITH HEARN (ATTORNEY)
ZACHARY P. POPOVICH (ATTORNEY)
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053