Judgment rendered July 16, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,352-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

CHARLES DEWAYNE                             Appellant
WILLIAMS

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 371,574

Honorable John D. Mosely, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Sherry Watters

JAMES EDWARD STEWART, SR.             Counsel for Appellee
District Attorney

REBECCA ARMAND EDWARDS
CHEYENNE YVETTE WILSON
Assistant District Attorneys

* * * * *

Before PITMAN, ROBINSON, and ELLENDER, JJ.

**ROBINSON, J.**

Charles Dewayne Williams ("Williams") was charged with two counts of aggravated second degree battery in violation of La. R.S. 14:34.7 on January 2, 2020.  He pled not guilty at arraignment on January 27, 2020; however, on July 24, 2023, Williams withdrew his not guilty plea and pled guilty to the first count of aggravated battery and the State dismissed the second count.  The court imposed the agreed-upon sentence of seven years at hard labor to be served concurrently with a three-year sentence in another case, with credit for time served.  Williams filed a motion for appeal on the grounds that his two writs of habeas corpus and one writ of mandamus from 2021 and 2022 had not been addressed by the court, and the court granted the appeal on October 1, 2024.

Williams' appellate counsel filed a motion to withdraw on March 14, 2025, along with an error patent brief.  No other appellate brief was filed by or on behalf of Williams.

For the following reasons, we grant the motion to withdraw and affirm Williams' guilty plea and sentence.

## FACTS AND PROCEDURAL HISTORY

On June 9, 2019, Shreveport Police Department ("SPD") was contacted regarding a shooting on Tinker Street with two victims, Brad Stephens ("Stephens") and Santanion Dixon ("Dixon"), suffering non-life threatening gunshot wounds.  According to multiple police interviews with witnesses of the incident, Dixon had been at a residence located at 6301 Tinker Street with a group of people and was leaving, when he drove in the wrong direction down Pixley Drive, not remembering it was a dead end.  Dixon turned around in a driveway and while driving away, he noticed a

man who was spinning his tires had exited his vehicle and was staring at Dixon. Dixon returned to the residence to tell the group about the man's behavior and shortly after, the man drove up to the residence and yelled, "That's my street, that's my block!" and exchanged words with Stephens. Stephens responded, "Charles, ain't nobody with that dumb shit. Go on with that." The man spun his tires again, drove back by the house, parked at a residence on Pixley, and began walking toward the group of people, then lay down around the Pixley-Tinker intersection and began shooting at them. After firing several shots, the man ran down Pixley and fired more shots. There was some return fire, but there were conflicting statements as to whether it was by Stephens or another person. Stephens was shot in his left middle finger and right hand near the middle finger. Dixon was shot in the ankle. Police recovered multiple 40-caliber shell casings located at the intersection of Tinker and Pixley, in front of the Pixley residence in which the group was located, as well as another road parallel to Pixley that also intersected Tinker. Several vehicles received damage from gunfire.

Multiple witnesses referred to the perpetrator as "Charles" during initial interviews, but no additional information was provided to or obtained by police as to his identification until over three months later when SPD was contacted by a witness identifying the perpetrator as Charles Williams. Williams was identified in a six-person lineup by the witness four days later.

Williams was arrested on November 1, 2019, and charged by bill of information on January 2, 2020, with two counts of aggravated second degree battery in violation of La. R.S. 14:34.7. A preliminary hearing was held on January 27, 2020, in which evidence was adduced, closed, and submitted. The court ruled the State had shown probable cause. Counsel for

2

Williams made and argued an oral motion for bond reduction, which was denied. Williams waived arraignment and pled not guilty to the charges.

After withdrawal by Williams' private counsel, public defense counsel was appointed on September 9, 2021. There were multiple changes in representation and continuances filed. During a period of over three years, while he was represented by counsel, Williams filed approximately 18 *pro se* pleadings and wrote three letters to the court. Among the numerous *pro se* pleadings filed by Williams were two applications for writ of habeas corpus, filed November 2, 2021, and March 14, 2023. The court denied the March 14 application on April 18, 2023.

On July 24, 2023, Williams withdrew his not guilty plea and pled guilty to the first count of aggravated battery. The State dismissed the second count. During the hearing, after the plea agreement was discussed, the court addressed Williams directly, asked background questions regarding his age and education, and questioned whether he understood the nature of the charges and proceedings, whether he had discussed the plea with his attorney, whether he understood his right against self-incrimination was waived, whether he understood that the possible penalty for the charge was up to 15 years at hard labor and a fine of up to $10,000, and whether the plea was freely and voluntarily made. Williams answered affirmatively to all. The State then read the first count as the statement of facts:

> On or about June 9th of 2019, in the Parish of Caddo, Charles Dewayne Williams committed the offense of R.S. 14:34.7, aggravated second degree battery, in that he did commit a battery with a dangerous weapon, a firearm, intentionally inflicting serious bodily injury upon the person of Brad Stevens [*sic*] without his consent, which is contrary to the laws of the State of Louisiana and against the peace and dignity of the same.

3

When asked if the statement was true, Williams replied, "Yes, Sir." The court found there was a factual basis for the guilty plea, that the plea was freely and voluntarily made, and that Williams understood the nature of the charges and the proceedings against him. The court accepted and imposed the agreed-upon sentence of seven years at hard labor to be served concurrently with the three-year sentence in another case, with credit for time served. In addition, Williams executed a felony plea form the same day as the plea hearing in which he reiterated all of the above affirmations.

Williams filed a motion for appeal on September 27, 2024, on the grounds that his two writs of habeas corpus and one writ of mandamus from 2021 and 2022 had not been addressed by the court and requested that he be referred to the Louisiana Appellate Project for appointment of appellate counsel. The trial court granted the appeal on October 1, 2024.

Sherry Watters ("Watters") was appointed as appellate counsel for Williams. Watters filed a motion to withdraw on March 14, 2025, along with an error patent brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So. 2d 241; and *State v. Benjamin*, 573 So. 2d 528 (La. App. 4 Cir. 1990). Watters stated that upon detailed review of the record, no nonfrivolous issues could be advanced for appellate review. She noted that, contrary to Williams' motion for appeal, there was actually a ruling on Williams' writ of habeas corpus filed March 14, 2023, and no writ of mandamus was ever filed in the record. An order was entered and filed by this Court on April 15, 2025, notifying Williams that he may file a brief in this appeal within 30 days. No brief was filed.

4

## DISCUSSION

### *Error patent*

La. C. Cr. P. art. 556.1(A)(1) provides that, *prior to* accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. An advisement of the agreed-upon sentence is sufficient for compliance with La. C. Cr. P. art. 556.1. *State v. Vaughn*, 18-51 (La. App. 5 Cir. 5/16/18), 248 So. 3d 578; *State v. Nicholas*, 16-16 (La. App. 5 Cir. 6/30/16), 196 So. 3d 864.

Although the court itself did not clearly advise Williams of the agreed-upon sentence *prior to* the guilty plea colloquy and accepting the guilty plea, he did state the terms of the agreed-upon sentence immediately thereafter, and the terms were also openly discussed by Williams and his counsel during the hearing. More importantly, the court did specifically inform Williams of the sentencing range prior to acceptance of the plea, in compliance with La. C. Cr. P. art. 556.1(A)(1). Furthermore, Williams executed a felony plea form in conjunction with the hearing in which he stated he understood the sentencing range as well as the agreed-upon sentence. This Court does not find there to be any error by the trial court in its application of La. C. Cr. P. art. 556.1. In the event the failure to specifically inform the defendant of the agreed-upon sentencing terms prior to acceptance of the guilty plea was in error, it is considered harmless and does not rise to the level of a violation of the *Boykin* requirements. La. C. Cr. P. art. 556.1(E); *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *State ex rel. Jackson v. Henderson*, 260 La. 90, 255 So.

5

2d 85 (1971); *State ex rel. LeBlanc v. Henderson*, 261 La. 315, 259 So. 2d 557 (1972).

### Motion to Withdraw

Williams' motion for appeal is based on the grounds that his applications for writ of habeas corpus and writ of mandamus were not heard. The court ruled on Williams' writ of habeas corpus filed March 14, 2023, and no writ of mandamus was ever actually filed in the record. Further, Williams waived his right to a review of those referenced pleadings upon entering his guilty plea. A defendant will waive his right to review of nonjurisdictional pretrial rulings unless, at the time he enters a plea of guilty, he expressly stipulates that he does not waive his right to review of the rulings. *State v. Crosby*, 338 So. 2d 584 (La. 1976).

In addition, our review of this record reveals no nonfrivolous issues for appeal. There is a sufficient factual basis supporting Williams' guilty plea. He also benefited from the plea by the removal of one of two counts of second degree aggravated battery, each carrying a sentence of up to 15 years. Williams received only a 7-year sentence that runs concurrent with another 3-year sentence on a separate matter, significantly less than the maximum sentence.

Watters submits a motion to withdraw and appellate brief pursuant to *Anders*, *supra*, claiming there are no nonfrivolous issues that can be advanced on appeal. The brief filed by counsel must review not only the procedural history of the case and the evidence presented but must also provide a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place. *Jyles*, *supra*; *State v. Mouton*, 653 So. 2d 1176 (La. 1995); *Benjamin*, *supra*.

Watters claims in her brief that she made a detailed review of the procedural history of the case, the minutes, the pleadings, the bill of information, and all transcripts contained in the record, particularly where the defendant entered a plea of guilty and received an agreed-upon sentence; as a result, she found no nonfrivolous issues that can be advanced for appellate review. She submits that she has diligently reviewed the appellate record, and two confidential letters were sent to Williams addressing issues specific to this case, the law on those issues, and the reasons counsel did not assign them as error. As to issues that were considered and the reasons she declined to assign them as appealable error, Watters claims that it would be a violation of her ethical duty to her client to reveal to the court her reasoning as to declining certain assignments of error in the event Williams wishes to pursue them in a *pro se* brief, and the filing of an error patent brief does not waive the attorney-client privilege.

This Court finds that Watters' motion and brief sufficiently demonstrate by full discussion and analysis that she has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration. *Jyles*, *supra*.

## CONCLUSION

For the reasons stated hereinabove, Watters' motion to withdraw is granted, and Williams' guilty plea and sentence are affirmed.

**AFFIRMED.**

7